AMOUNT $ *7531* 
SUMMONS ISSUED $350.00
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. _CMC_
_9-27-06_

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2005 SEP 27 P 1: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

DEBI L. HENRY,                          )
on behalf of herself and all others     )
similarly situated,                     )
                          Plaintiff     )   **06** )**CA**  **11749 MLW**
                                        )
v.                                      )   Civil Action No.
                                        )
                                        )
LEADING EDGE RECOVERY SOLUTIONS, LLC )
                          Defendant     )   **MAGISTRATE** JUDGE _Collings_


## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Debi L. Henry brings this action seeking redress due to conduct engaged

in by defendant in attempting to collect an alleged consumer debt, which conduct violated

the Fair Debt Collection Practices Act ("FDCPA") and G.L. c. 93A, the Massachusetts

Consumer Protection Act.  Plaintiff seeks actual and statutory damages, injunctive relief,

costs, and reasonable counsel fees.

### Parties

1.  Plaintiff Debi L. Henry is an individual who at all times relevant to this complaint has

resided in Natick, Middlesex County, Massachusetts.

2.  Defendant Leading Edge Recovery Solutions, LLC ("LERS") is, on information and

belief, a limited liability corporation having a principal place of business in Chicago,

Illinois.  At all times relevant to this complaint, LERS was engaged in trade or commerce

in the Commonwealth of Massachusetts.

14. Defendant did not inform plaintiff in its initial communication or within 5 days thereafter that she had the right to dispute the alleged debt and receive verification of same.

15. Defendant's June 28, 2006 letter stated that "we have been authorized to decide whether we should refer this matter to our client's attorney network for a review to determine whether **LEGAL ACTION** should be commenced against you." (emphases in original).  It further stated that if plaintiff did not intend to dispute the debt, "we hereby demand that you remit payment in full within 30 days to prevent the possibility of your account being sent for a legal review."   On information and belief, at the time the letter was sent defendant did not have authorization to refer the matter to an "attorney network" and – given the small amount of the alleged debt – even if such authorization existed the account would not have been sent for "legal review."

16. With respect to all allegations and claims herein that defendant violated G.L. c. 93A, section 2, as set forth below, plaintiff states:

    (a) On August 14, 2006, plaintiff sent to defendant via certified mail, receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9 which reasonably described the unlawful conduct complained of and injuries suffered.

    (b)  Defendant received plaintiff's demand letter on August 17, 2006.

    (c)  Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

    (d)  The failure of defendant to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

4

**Individual Claims**

## COUNT I

**(Threats of Arrest – FDCPA)**

17. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

18. Defendant's threats to arrest plaintiff, as more particularly described in paragraph 7, above, constituted: (i) conduct the natural consequence of which was to harass, oppress, and abuse plaintiff, in violation of 15 U.S.C. §1692d; (ii) false, deceptive, and misleading representations in violation of 15 U.S.C. §1692e(4), (5), and (7); and (iii) unfair and unconscionable means in attempting to collect a debt, in violation of 15 U.S.C. §1692f.

19. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages; statutory damages; interest, costs and reasonable attorney's fees.

## COUNT II

**(Threats of Arrest - G.L. c. 93A)**

20. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21. Defendant's conduct as described in paragraphs 7 and 18, above, was unfair and deceptive in violation of G.L. c. 93A, section 2.

22. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

23. Said unlawful conduct was willful and knowing in nature.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater;

5

doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT III

### (Accusations of Criminal Conduct – FDCPA)

24. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

25. Defendant's accusations of stealing and threat to report plaintiff to the Natick police constituted: (i) conduct the natural consequence of which was to harass, oppress, and abuse the plaintiff in violation of 15 U.S.C. §1692d; (ii) false, misleading, and deceptive representations in violation of 15 U.S.C. §1692e; and (iii) unfair and unconscionable means of attempting to collect a debt, in violation of 15 U.S.C. §1692f.

26. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages; statutory damages; interest, costs and reasonable attorney's fees.

## COUNT IV

### (Accusations of Criminal Conduct – G.L. c. 93A)

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Defendant's accusations of stealing and threat to report plaintiff to the Natick police were unfair and deceptive in violation of G.L. c. 93A, section 2.

29. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

6

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees

## COUNT V

### (Other Threats - FDCPA)

30. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

31. Defendant threatened plaintiff with imminent legal action and action to seize her property, as described in paragraphs 8 and 9, above.  Said actions were not imminent and were not intended to be taken at the time the threats were made.

32. Defendant's conduct as aforesaid constituted: (i) conduct the natural consequence of which was to harass, oppress, and abuse plaintiff in violation of 15 U.S.C. §1692d; (ii) false, misleading, and deceptive representations in violation of 15 U.S.C. §1692e; and (iii) unfair and unconscionable means of collecting a debt in violation of 15 U.S.C. §1692f.

33. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages, statutory damages, interest, costs, and attorney's fees.

## COUNT VI

### (Other Threats - Violations of G.L. c. 93A)

34. The allegations of paragraphs 1 – 33 are incorporated herein as if fully set forth.

7

35.  The afore-described conduct by defendant as set forth in paragraphs 8-9 and 31 – 32, above, were unfair and deceptive in violation of G.L. c. 93A, section 2..

36.  As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

37.  Said unlawful conduct was willful and knowing in nature.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees

## COUNT VII

### (False Promise to Investigate - FDCPA)

38.  The allegations of paragraphs 1 -15 are incorporated herein as if fully set forth.

39.  Defendant promised to investigate plaintiff's claim that the debt had been paid, but did not do so and continued to pursue collection efforts against plaintiff.

40. Defendant's conduct as aforesaid was false, misleading, and deceptive in violation of 15 U.S.C. §1692e.

41.  As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages; statutory damages; interest, costs, and attorney's fees.

## COUNT VIII

### (False Promise to Investigate - G.L. c. 93A)

42.  The allegations of paragraphs 1 – 41 are incorporated herein as if fully set forth.

8

43. Defendant's conduct as set forth in paragraph 39, above, was unfair and deceptive in violation of G.L. c. 93A, section 2.

44. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

45. Said unlawful conduct was willful and knowing in nature..

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

### COUNT IX

**(Harassing/Abusive Phone Messages - FDCPA)**

46. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

47. Defendant's conduct in leaving numerous phone messages at times when plaintiff was not likely to be home, as described in paragraph 11, above, constituted: (i) conduct the natural consequence of which was to harass, oppress, and abuse plaintiff, all in violation of 15 U.S.C. §1692d; and (ii) unfair and unconscionable means of collecting a debt in violation of 15 U.S.C. §1692f.

48. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages; statutory damages, interest, costs, and attorney's fees.

### COUNT X

**(Harassing/Abusive Phone Messages – G.L. c. 93A)**

49. The allegations of paragraphs 1 – 48 are incorporated herein as if fully set forth.

9

50. Defendant's conduct as described in paragraphs 11 and 47, above, was unfair and deceptive in violation of G.L. c. 93A, section 2.

51. Said unlawful conduct was knowing and willful in nature.

52. As a result of said conduct, plaintiff suffered distress, confusion and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

## COUNT XI

### (Failure to Provide Statutory Notice – FDCPA)

53. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

54. Defendant did not provide plaintiff with the notice required by 15 U.S.C. §1692g(a) in its initial communication to plaintiff or within 5 days thereafter.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her statutory damages, interest, costs, and attorney's fees.

## COUNT XII

### (Failure to Provide Statutory Notice – G.L. c. 93A)

55. The allegations of paragraphs 1 – 54 are incorporated herein as if fully set forth.

56. Defendant's failure to provide plaintiff with the statutory notice in a timely fashion as required by the FDCPA and 209 CMR 18.18 violated G.L. c. 93A, section 2.

57. Said unlawful conduct was willful and knowing in nature.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her twenty-five dollars, costs, and reasonable attorney's fees

10

## COUNT XIII

### (False References to "Attorney Network/Legal Review" – FDCPA)

58. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

59. Defendant's letter of June 28, 2006 was false, deceptive, and misleading as described in paragraph 15, above, and thus violated 15 U.S.C. §1692e.

60. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages; statutory damages, interest, costs, and attorney's fees.

## COUNT XIV

### (False References to "Attorney Network/Legal Review" – G.L. c. 93A)

61. The allegations of paragraphs 1 - 60 are incorporated herein as if fully set forth.

62. Defendant's conduct as described in paragraphs 15 and 59, above, was false, deceptive, and misleading in violation of 209 CMR 18.16.

63. Defendant's conduct was unfair and deceptive in violation of G.L. c. 93A, section 2.

64. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

65. Said unlawful conduct was willful and knowing in nature.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her actual damages or twenty-five dollars, whichever is greater; doubling or trebling the actual damages awarded; and awarding interest, costs, and reasonable attorney's fees.

11

## Class Action Claims

### COUNT XV

### (Failure to Identify Caller - FDCPA)

66. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

67. The automated, pre-recorded phone messages left by defendant, as described in paragraph 12, above, did not make meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

68. As a result of said unlawful conduct, plaintiff suffered distress, confusion, and anxiety.

### Class Allegations

69. Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated. Class members are all persons who, within 1 year of the filing of this action, were left a prerecorded message by defendant which was identical or substantially similar to that described in paragraph 12, above, in connection with a consumer debt. Excluded from the class are current and former officers, directors, employees, agents, and attorneys of defendant. On information and belief, the class is sufficiently numerous such that joinder is impractical.

70. There are common issues of fact and law, which issues predominate over any individual questions. The primary common issues are whether defendant is a debt collector subject to the FDCPA and whether the precorded messages violated 15 U.S.C. §1692d(6). Plaintiff is not aware of any individual questions which would render class certification inappropriate.

71. Plaintiff's claim is typical of the claims of class members.

12

72. Plaintiff will adequately and fairly represent the class. Plaintiff is committed to the successful completion of this action, and has chosen counsel with substantial experience in consumer and class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with their ability to effectively prosecute this action or represent the class.

73. A class action will be manageable and is a superior method of resolving the controversy.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant awarding her and class members actual damages; statutory damages, interest, costs, and attorney's fees.

## COUNT XV

### (Failure to Identify Caller – G.L. c. 93A)

74. The allegations of paragraphs 1 – 73 are incorporated herein as if fully set forth.

75. The automated phone messages left by defendant did not identify the defendant or the purpose of the calls, thereby violating the FDCPA and 209 CMR 18.15(5). In addition, because – on information and belief – there was no mechanism to identify "Mr. Marshall," and no disclosure regarding same was filed with the Commissioner of Banks, the messages violated 209 CMR 18.16(16).

76. Defendant's conduct as aforesaid was unfair and deceptive in violation of G.L. c. 93A, section 2.

77. As a result of said conduct, plaintiff suffered distress, confusion, and anxiety.

78. Said unlawful conduct was willful and knowing in nature.

13

## Class Allegations

79.  Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated.  Class members are all persons who, within 4 years of the filing of this action, were left a prerecorded message by defendant which was identical or substantially similar to that described in paragraph 12, above, in connection with a consumer debt. Excluded from the class are current and former officers, directors, employees, agents, and attorneys of defendant.  On information and belief, the class is sufficiently numerous such that joinder is impractical.

80.  Class members are similarly situated within the meaning of G.L. c. 93A, section 9. All members received the same, or substantially similar, unlawful message and suffered the same, or substantially similar, injury.

81.  Plaintiff's claim is typical of the claims of class members.

82.  Plaintiff will adequately and fairly represent the class.  Plaintiff is committed to the successful completion of this action, and has chosen counsel with substantial experience in consumer and class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with their ability to effectively prosecute this action or represent the class.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendant:

   (i)     awarding her and class members actual damages or twenty-five dollars, whichever is greater;

   (ii)    doubling or trebling the actual damages awarded;

14

(iii)   enjoining defendant from leaving phone messages with Massachusetts consumer debtors which fail to identify defendant and/or provide a name which does not correspond to any specific person;

(iv)   awarding interest, costs, and reasonable attorney's fees;

(v)   awarding such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

DEBI L. HENRY
Plaintiff
By her attorney;

_____
KENNETH D. QUAT
BBO #408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

15